# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTIRCT OF COLUMBIA

| | |
|---|---|
| **Anthony Rivera** <br> 817 4th Street Northeast <br> Washington, DC 20002 <br><br> *on behalf of himself and* <br> *all others similarly situated* <br><br> Plaintiff, <br><br> v. <br><br> **Experian Information Solutions, Inc.** <br> **Serve**: C T Corporation System <br> 1015 15th Street Northwest <br> Washington, District of Columbia 20005 <br><br> Defendant, <br><br> **Equifax Information Services, LLC** <br> **Serve**: Corporation Service Company <br> 1090 Vermont Avenue Northwest <br> Washington, District of Columbia 20005 <br><br> Defendant, <br><br> **Trans Union, LLC** <br> **Serve**: Corporation Service Company <br> 1090 Vermont Avenue Northwest <br> Washington, District of Columbia 20005 <br><br> Defendant. | Civil Action No. _____ <br><br> CLASS ACTION COMPLAINT FOR <br> DAMAGES AND INJUNCTIVE RELIEF |

Plaintiff Anthony Rivera, on behalf of himself and all others similarly situated, bring this complaint, by and through undersigned counsel, for injunctive relief and damages arising out of the systematic issuance of erroneous credit reports by defendant Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("TransUnion"). Defendants have erroneously reported legally and properly discharged debts of Plaintiff and the Class as due and owing, with consistent and knowing

1

disregard for their rights and defendants' own statutory obligations. Defendants have negligently and willfully failed to employ reasonable procedures—including procedures readily available to it of which it is aware—to ensure maximum possible accuracy of their credit reports. Even after Plaintiff and the Class informed defendant Equifax of the falsely reported discharged debts as due and owing, Equifax has negligently and willfully failed to consistently and adequately correct the erroneous information.

## JURISDCTION AND VENUE

1. Original jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and by 15 U.S.C. § 1681(p), as a civil action to enforce a liability created under the FCRA.

## PARTIES

2. The plaintiff is a natural person and resides in the District of Columbia.

3. Defendants Experian, Equifax and Trans Union are foreign corporations operating throughout the entire United States, including the District of Columbia. Each is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f) for each is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as the term is defined in 15 U.S.C. 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

## FACTS

4. Named Plaintiff is among hundreds of thousands of persons throughout the United States who have filed no asset bankruptcies pursuant to Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court. Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of such no asset bankruptcies,

except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged by one of his creditors in a related adversary proceeding. Named Plaintiff and the Class are persons for whom such debts have been discharged through bankruptcy.

5. Through computerized court reporting services known as PACER, Defendants directly or indirectly, via third parties, obtain access to each and every discharge order issued by a U.S. Bankruptcy Court in Chapter 7 proceedings. Defendants record those orders in the public records section of its Credit Reports.

6. The diligence that Defendants exercise in recording bankruptcy filings in the Credit Reports of Named Plaintiff and the Class is not replicated in Defendants' reporting of the effect of those orders upon the status of their discharged debts—that is, Defendants grossly over-report as due and owing debts that have been discharged.

7. Defendants are well aware that the effect of a discharge order in a no asset bankruptcy under Chapter 7 is to discharge all statutorily dischargeable debts other than those that have been reaffirmed in a reaffirmation agreement or successfully challenged in an adversary proceeding. Information relating to whether a debt has been reaffirmed or successfully challenged is retrievable from PACER through automated, computerized means (just like information establishing the existence of a filed petition for a Chapter 7 no asset bankruptcy, a discharge order granting that petition for a Chapter 7 no asset bankruptcy, a discharge order granting that petition and the date of such discharge). Thus, were Defendants to employ procedures of which it is fully aware, Defendants could achieve close to maximum accuracy in the reporting of the status of discharged debts.

8. Defendants, however, have failed to reasonably use available procedures including, but not limited to services within PACER, to determine which dischargeable debts

3

have, in fact, been discharged and which, if any, remain due and owing on account of their having been reaffirmed or successfully challenged in an adversary proceeding. Instead, Defendants report information regarding pre-bankruptcy debts furnished by consumers' creditors, even if that information ignores or contradicts information contained in public court records that Defendants have obtained or could easily have obtained through PACER.

9. Defendants know or should know that the Credit Reports they issued regarding Named Plaintiff and the Class are grossly inaccurate with respect to the status of discharged debts. Over the years, Defendants have been sued by consumers seeking damages and other relief based on the same inaccurate reporting procedures that are being challenged here.[1]

10. Defendants, therefore, know or should know that its procedures for reporting the status of pre-bankruptcy debts fail to assure maximum possible accuracy. Despite knowing that its procedures contravene the statutory rights of consumers or in reckless disregard of whether they contravene those rights, Defendants continue to employ inaccurate reporting procedures.

11. Defendant Equifax has also failed to fulfill its legal and statutory obligation to reinvestigate and correct the status of the discharged debts they have falsely reported as due and owing. Defendant's practices regarding the reinvestigation of those debts are woefully inadequate.

12. By failing to adopt and maintain reasonable reinvestigation practices for correcting the erroneous information Equifax records in its Credit Reports concerning the

---

[1] See White v. Experian Info. Solutions, Inc., Case No. CV 05-01070 (C.D. Cal. Aug. 19, 2008) (In a class action settlement the Defendants agreed to update each pre-bankruptcy judgment, tradeline, or Collection Account.

status of discharged debts of individuals with court-approved bankruptcy petitions, Equifax has acted in willful and reckless disregard of their rights and its obligations under the FCRA.

13. As a direct consequence of Defendants' grossly inadequate and inaccurate initial reporting, Named Plaintiff and the Class have been effectively denied the fresh start to which they are legally entitled under the U.S. Bankruptcy Code.

14. As a direct consequence of Equifax's grossly inadequate reinvestigation practices and procedures, Named Plaintiff and the Class have been further denied the fresh start to which they are legally entitled under the U.S. Bankruptcy Code.

15. In each case, Named Plaintiff and the Class' credit ratings have been adversely affected by Defendants' erroneous Credit Reports.

**DEFENDANTS' PRODUCTION OF ERRONEOUS CREDIT REPORTS RELATING TO THE NAMED PLAINTIFF**

16. Mr. Rivera obtained a mortgage loan in August 2001.

17. Washington Mutual Bank, F.A. ("WaMu") began servicing the mortgage loan in February 2002.

18. Mr. Rivera filed a chapter 7 bankruptcy in January 2003.

19. The mortgage loan being serviced by WaMu was included in the bankruptcy.

20. In May 2003 the mortgage loan was discharged in the bankruptcy.

21. Thereafter, the Defendants reported Mr. Rivera's mortgage account as discharged in the bankruptcy with a zero balance to reflect Mr. Rivera no longer was personally liable for the debt.

22. In September 2009 JPMorgan Chase Bank, N.A. ("JPMC") acquired WaMu servicing rights in Mr. Rivera's mortgage loan.

23. In March 2013 Mr. Rivera obtained his credit reports and discovered that the Defendants were erroneously listing the discharged JPMC mortgage account as due and owing on those reports.

24. Following the date of his discharge, Mr. Rivera's credit rating has been adversely affected by Defendants' erroneous Credit Reports.

25. Mr. Rivera disputed the information in his report with each of the credit reporting agencies.

26. Experian and Trans Union ceased reporting that the discharged JPMC mortgage was due and owing.

27. Although Mr. Rivera had provided Equifax all information needed to correct the erroneous entries in the Credit Report, and although Equifax already had sufficient information or access to sufficient information to issue an accurate Credit Report, Equifax failed to correct the Credit Report. Instead, Equifax responded by producing a new but still erroneous Credit Report that continued to list the discharged JPMC mortgage account as due and owing.

28. Following the date of his discharge, and again, following the date he disputed the inaccuracies directly to Equifax, Mr. Rivera's credit rating has been adversely affected by Equifax's erroneous Credit Reports.

## CLASS ACTION ALLEGATIONS

29. Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, within two years of the filing of this complaint, have had a consumer report prepared by Defendants in which one or more of their tradeline accounts or debts was not reported as discharged despite the fact that such debts had been discharged as a result of their no asset bankruptcy under Chapter 7 of the Bankruptcy Code.

6

30. *Ascertainability/Numerosity*: The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are hundreds of thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

31. *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the class he seeks to represent because: (1) they have all been injured in the same manner as a result of Defendants' uniform and woefully inadequate procedure regarding the reporting of debts that have been discharged in bankruptcy; and (2) their claims are all based on the same legal theory.

32. *Adequacy Of Representation*: Plaintiff is an adequate representative of the class he seeks to represent because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way antagonistic to those of the other class members; and (c) he is represented by experienced and competent counsel.

33. *Commonality*: There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether:

(a) in preparing consumer reports concerning individuals whose debts have been discharged in bankruptcy, Defendants have failed to follow reasonable procedures to ensure maximum possible accuracy of the information pertaining to the status of those debts in accordance with the requirements of 15 U.S.C. §1681e(b);

(b) Defendants' failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent pursuant to 15 U.S.C. §1681o(a); and

(c) Defendants' failure to comply with the requirements of 15 U.S.C. §1681e(b) is negligent pursuant to 15 U.S.C. 1681n(a).

34. *Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(2)*. Class certification of plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of Defendants' conduct in failing and refusing to follow reasonable procedures to assure maximum possible accuracy in connection with its reporting of the status of debts that have been discharged following the issuance of an order approving a consumer's Chapter 7 bankruptcy discharge.

35. *Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3)*. Class certification of plaintiff's claims for willful failure to employ reasonable reporting procedures in violation of 15 U.S.C. 1681e(b) is also appropriate under Fed. R. Civ. P. 23(b)(3). The common questions of law and fact relating to plaintiff's willful violation claims predominate over questions affecting only individual members. Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. For the vast majority of members of the class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits. Further, requiring each class member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

**SUBCLASS ALLEGATIONS**

36. Plaintiff also seeks to maintain this action on behalf of a subclass consisting of the following:

> All individuals in the class described in paragraph 29 above whose discharged debts continued to be erroneously reported by Equifax as due and owing any time after 30 days from the date that Equifax had received a dispute letter informing Equifax that those debts had, in fact, been discharged.

37. *Ascertainability/Numerosity*: The subclass is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are hundreds of thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

38. *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the subclass he seeks to represent because: (1) they have all been injured in the same manner as a result of Defendants' uniform and woefully inadequate procedure regarding the reporting of debts that have been discharged in bankruptcy; and (2) their claims are all based on the same legal theory.

39. *Adequacy Of Representation*: Plaintiff is an adequate representative of the subclass he seeks to represent because: (a) he is willing and able to represent the proposed subclass and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way antagonistic to those of the other subclass members; and (c) he is represented by experienced and competent counsel.

40. *Commonality*: There are questions of law and fact common to all members of the subclass. The overarching questions of law and fact that are common to all members of the class are whether:

(a) in responding to dispute letters of individuals who debts have been discharged in bankruptcy, did Equifax has violate 15 U.S.C. 1681i(a) by failing to follow reasonable reinvestigation procedures for ascertaining the accuracy of information pertaining to those debts in its credit reports;

(b) Equifax's failure to comply with the requirements of 15 U.S.C. 1681i(a) is negligent pursuant to 15 U.S.C. §1681o(a); and

(c) Equifax's failure to comply with the requirements of 15 U.S.C. §1681i(a) is willful pursuant to 15 U.S.C. 1681n(a).

41. *Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(2)*. Class certification of plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Equifax has acted and/or refused to act on grounds generally applicable to the subclass, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of Equifax's conduct in failing and refusing to follow reasonable procedures in connection with its erroneous reporting of debts that have been discharged following the issuance of an order approving a consumer's Chapter 7 bankruptcy petition.

42. *Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3)*. Class certification of plaintiff's claims for willful failure to employ reasonable reinvestigation procedures in violation of 15 U.S.C. 1681i(a) is also appropriate under Fed. R. Civ. P. 23(b)(3). The common questions of law and fact relating to plaintiff's willful violation claims predominate over questions affecting only individual members. Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. For the vast majority of members of the subclass, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits.

Furthermore, requiring each subclass member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

**FIRST CAUSE OF ACTION**

*WILLFUL FAILURE TO EMPLOY REASONABLE
PROCEDURES TO ENSURE MAXIMUM ACCURACY OF
CREDIT REPORTS IN VIOLATION OF 15 U.S.C. 1681e(b)*
.(**On behalf of Named Plaintiff and Class Members**)

43. The allegations set forth in paragraphs 1 - 42 above are realleged and incorporated by reference as if fully set forth herein.

44. In preparing Credit Reports, Defendants have failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Named Plaintiff and the Class, in violation of 15 U.S.C. 1681e(b).

45. As a result of Defendants failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. 1681e(b), Defendants have erroneously reported as due and owing one or more of the discharged debts of Named Plaintiff and member of the Class.

46. Defendants' failure to comply with the requirements of 15 U.S.C. 1681e(b) is willful within the meaning of 15 U.S.C. 1681n(a).

47. As a result of Defendants' willful noncompliance with the requirements of 15 U.S.C. 1681e(b), plaintiff and class members are entitled to statutory and punitive damages under 15 U.S.C. 1681n(a)(1) and (a)(2).

48. As a further result of Defendants' willful noncompliance with the requirements of 15 U.S.C. 1681e(b), Name Plaintiff and the Class have suffered damage to their credit ratings and other actual damages.

## SECOND CAUSE OF ACTION

### *NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS IN VIOLATION OF 15 U.S.C. 1681e(b).*
**(On behalf of Named Plaintiff and Class Members)**

49. The allegations set forth in paragraphs 1 - 48 above are realleged and incorporated by reference as if fully set forth herein.

50. In preparing credit reports relating to Named Plaintiff and Class members, Defendants have failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. 1681e(b).

51. As a result of Defendants failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. 1681e(b), Defendants have erroneously reported one or more of the discharged debts of Named Plaintiff and Class member as due and owing in Credit Reports.

52. Defendants' failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. 1681o(a).

53. As a result of Defendants' negligent violation with the requirements of 15 U.S.C. 1681e(b), plaintiff and class members have suffered damage to their credit ratings and other actual damages.

## THIRD CAUSE OF ACTION

### *WILLFUL FAILURE TO REASONABLY REINVESTIGATE IN VIOLATION OF 15 U.S.C. 1681i(a).*

**(On behalf of Named Plaintiff and All Subclass Members)**

54. The allegations set forth in paragraphs 1 - 53 above are realleged and incorporated by reference as if fully set forth herein.

55. Equifax has failed to use reasonable reinvestigation practices for ascertaining the accuracy of information relating to the discharged debts of Named Plaintiff and Class members that Equifax has erroneously reported as due and owing in Credit Reports.

56. As a result of Equifax's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. 1681i(a)(1), Equifax has continued to erroneously report the discharged debts of Named Plaintiff and subclass members, after having been notified that they are disputing that information.

57. Equifax's failure to comply with the requirements of 15 U.S.C. 1681i(a) is willful within the meaning of 15 U.S.C. 1681n(a).

58. As a result of Equifax's willful noncompliance with the requirements of 15 U.S.C. 1681i(a), plaintiff and subclass are entitled to statutory and punitive damages under 15 U.S.C. 1681n(a).

59. As a further result of Equifax's willful noncompliance with the requirements of 15 U.S.C. 1681i(a)(1), Named Plaintiff and subclass members have suffered damage to their credit ratings and other actual damages.

## FOURTH CAUSE OF ACTION

### *NEGLIGENT FAILURE TO REASONABLY REINVESTIGATE IN VIOLATION OF 15 U.S.C. 1681i(a).*

**(On behalf of Named Plaintiff and All Subclass Members)**

60. The allegations set forth in paragraphs 1 - 59 above are realleged and incorporated by reference as if fully set forth herein.

61. Equifax has failed to use reasonable reinvestigation practices for ascertaining the accuracy of information relating to the discharged debts of Named Plaintiff and Class members that Equifax has listed as due and owing in its credit reports.

62. As a result of Equifax's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. 1681i(a)(1), Equifax has continued to erroneously report the discharged debts of Named Plaintiff and subclass members, after having been notified that they are disputing that information.

63. Equifax's failure to comply with the requirements of 15 U.S.C. 1681i(a)(1) is negligent within the meaning of 15 U.S.C. 1681o(a).

64. As a result of Equifax's negligent noncompliance with the requirements of 15 U.S.C. 1681i(a)(1), plaintiff and subclass members have suffered damage to their credit ratings and other actual damages.

**WHEREFORE**, Plaintiff respectfully prays:

A. That the practices and procedures of Defendants complained of herein be determined and adjudged to be in violation of the rights of Named Plaintiff and Class members under the FCRA;

B. That a permanent injunction be issued requiring Defendants to adopt reporting procedures and reinvestigation practices in accord with the requirements of the FCRA;

C. That the Court enter an Order certifying all of the claims of the Class and Subclass alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) or, in the alternative, certifying the Claims of the Class and Subclass for willful violation of the FCRA under Fed. R. Civ. P. 23(b)(3);

D. That in accordance with 15 U.S.C. 1681n(a) and 1681o(a), judgment be entered in favor of Named Plaintiff and the Class, either individually or class-wide, and against Defendants for statutory and/or punitive damages in amounts to be determined at trial;

E.  That in accordance with 15 U.S.C. 1681n(a)(3) and 1681o(a)(2), Named Plaintiff and the Class be awarded the costs of this action together with reasonable attorney's fees as the Court may determine;

F.  That Named Plaintiff and Class members be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

ANTHONY RIVERA

/s/
_____
Jeffrey W. Styles, Esq., Bar #475264
Washington Legal Group, LLC
1990 M Street Northwest - Suite 200
Washington, District of Columbia 20036
Telephone:   (202) 503-1708
Facsimile:    (202) 503-1701
E-mail:   jstyles@washlegal.com

*Counsel for Plaintiff*